# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Kevin D. Allen,
    Petitioner,

v.      1:09cv631 (GBL/JFA)

Patricia R. Stansberry,
    Respondent.

## MEMORANDUM OPINION

Kevin D. Allen, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the computation of his sentence by the Bureau of Prisons ("BOP"). Specifically, petitioner contends that his federal sentence should be deemed to have commenced immediately following its imposition, at which time he was erroneously sent to a federal correctional facility when he should have been returned to Virginia authorities to serve a state sentence that had already been imposed. In the alternative, petitioner contends that he should receive credit toward his federal sentence for the time spent in federal custody when he should have been in state custody, namely from September 23, 2006 to April 9, 2007. Respondent has filed a Motion to Dismiss, and petitioner has replied to the motion. For the reasons that follow, respondent's Motion to Dismiss will be granted and the petition will be dismissed.

### I. Background

On August 31, 2005, petitioner was sentenced in the Circuit Court for the City of Charlottesville, Virginia, to twenty-four years and twelve months in prison, with all but three years suspended, for two counts of forgery, one count of possession of cocaine, and one count of possession of marijuana. Resp. Attachment 3. On September 14, 2005, the United States District

Court for the Western District of Virginia indicted petitioner on several counts of federal narcotic offenses. Resp. Attachment 4. On September 16, 2005, petitioner was transferred from state custody to federal custody for federal court proceedings. Resp. Attachment 4. The district court issued an arrest warrant based on the federal charges, and later issued orders of detention pending a bail hearing and trial. Resp. Attachment 5-8.

On September 19, 2006, petitioner was sentenced to 108 months in prison by the United States District Court for the Western District of Virginia, following petitioner's guilty plea to a charge of conspiracy to distribute fifty or more grams of crack cocaine and 500 or more grams of powdered cocaine. Mem. in Supp. of Pet. 3. Judgment was entered on September 22, 2006. Resp. Attachment 4. The criminal judgment made no statement as to whether the federal sentence was to run concurrent with or consecutive to the state sentence which had previously been imposed. Resp. Attachment 9.

On September 23, 2006, petitioner was taken to the Central Virginia Regional Jail under the authority of the U.S. Marshals, where he remained until November 7, 2006, when he was "designated by the Bureau of Prisons to the Petersburg Federal Correctional Institution." Mem. in Supp. of Pet. 3. On October 12, 2006, petitioner was erroneously designated to the Federal Correctional Institution in Petersburg, Virginia, because the Marshals Service was improperly informed that the state was finished with Mr. Allen and that he was in primary federal custody. Johnson Decl. ¶ 12. In a letter dated February 27, 2007, the Virginia Department of Corrections ("VDOC") informed the BOP that it had recently learned that petitioner had been "borrowed by the federal authorities and not returned to state custody as the jail authorities indicated that the state was finished with him." Resp. Attachment 3. The letter went on to indicate that petitioner remained in primary state custody, and requested petitioner's immediate return to VDOC. In

recognition of the error that had occurred, the BOP began to make arrangements to transfer petitioner back to VDOC, and on April 9, 2007, petitioner was returned to VDOC, where he served his state sentence. Johnson Decl. ¶ 13-14. Petitioner admits that the time spent in federal custody erroneously, September 23, 2006 to April 9, 2007, was credited toward his state sentence. Mem. Supp. Pet. at 4. On March 31, 2008, petitioner was paroled from his state sentence and was released to the Marshals pursuant to a detainer to serve his federal sentence. Resp. Attachment 6, 11. The BOP computed petitioner's federal sentence as having begun on March 31, 2008. Johnson Decl. ¶ 19. Additionally, petitioner received a total of 87 days of prior custody credit for the following periods: from his arrest on December 2, 2004, through his release on bond on December 3, 2004 (2 days); time spent in custody from the date of his federal offense, February 28, 2005, through his release on bond on May 23, 2005, as this time was not credited toward the state sentence. Johnson Decl. ¶ 19. Petitioner exhausted his administrative remedies, as required. Johnson Decl. ¶ 20.

## II. Standard of Review

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may dismiss claims based upon dispositive issues of law. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-50. Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

## III. Analysis

The facts demonstrate clearly that petitioner's federal sentence was computed correctly. First, petitioner's federal sentence did not commence until he was transferred to federal custody following the completion of his state sentence. Next, petitioner is not entitled to be awarded credit against his federal sentence for the time mistakenly served in federal prison because that time was already credited against his state sentence.

### A. Virginia retained primary custody over Allen from the date of his state arrest until the conclusion of his state sentence on March 31, 2008.

Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating the inmate's term of confinement, including determination of when the sentence commences. United States v. Wilson, 503 U.S.

4

329, 334 (1992). A challenge to a sentence's computation is properly brought in the inmate's district of confinement, and thus jurisdiction is appropriate here. See Sanders v. Federal Bureau of Prisons, No. 7:09cv00026, 2009 WL 1917093 *2 (W.D. Va. June 30, 3009). As a general rule, when an inmate is facing sentences imposed by both federal and state authorities, the sovereign that first arrested the inmate retains primary custody over him until that sovereign's imposed sentence is satisfied. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). In cases such as this one where federal authorities need to obtain custody over a state inmate to try him for federal crimes, federal authorities usually issue a writ of habeas corpus ad prosequendum. This writ does not change the inmate's primary jurisdiction status but merely allows federal authorities to "borrow" the inmate for court proceedings, with the understanding that the inmate will be returned to the state to complete his state sentence at the conclusion of the federal proceedings. Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992).

The issue here is when petitioner's federal sentence commenced. Title 18 U.S.C. § 3285(a) determines the calculation of a federal inmate's term of imprisonment. According to the statute, a "sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." Id. The Fourth Circuit has established that a "federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court," but rather, "federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Evans, 159 F.3d at 912. Moreover, errors by subordinate officials, such as the Marshals Service, cannot serve to alter official jurisdiction over a prisoner, and thus cannot effect a relinquishment on behalf of the sovereign. See Sanders, 2009 WL 1917093 at *3, 5 (citing dicta in Whalen, 962 F.2d at 362 n.7,

5

that suggests that "mere subordinate administrative officials such as the state sheriff and federal marshal may not bind their respective sovereigns as to which sovereign shall, as a matter of comity, have primary jurisdiction.")

In this case, Virginia established primary jurisdiction over Allen because he was first arrested by the state. While it appears that a writ of habeas corpus ad prosequendum rather than an arrest warrant should have been issued to bring Allen from the state jail into the federal system for prosecution, failure to issue the writ had no effect on altering the primary jurisdiction status that the state had acquired through its original arrest of Allen. See Sanders, 2009 WL 1717093 at *4; see also Whalen, 962 F.2d at 362 n.7 (dicta suggests that accidental release of an inmate by the state sheriff to the custody of federal authorities cannot bind the state on the issue of jurisdiction).

Even if the federal "arrest" did create primary federal jurisdiction over Allen, the state clearly did not intend to relinquish primary custody of Allen and considered him to be only "on loan" to the federal authorities, since his state obligation had not been satisfied. Not a single action taken by the state authorities suggests that they relinquished petitioner to primary federal custody; in fact, every piece of evidence submitted suggests that both the federal and state authorities intended for petitioner to have been handed over to the federal authorities on a purely temporary basis. On September 16, 2006, petitioner was described on a Marshals report as being in state custody. Resp. Attachment 6. Allen was designated to a federal facility pursuant to incorrect information. Johnson Decl. ¶ 12. When the state authorities realized their mistake, the letter written to the federal correctional institution officials describes petitioner as having been "borrowed by the federal authorities and not returned to state custody as the jail authorities indicated that the state was finished with him. Please be advised primary custody of Kevin D.

Allen belongs to the state authorities." Resp. Attachment 3. In recognition of the error that had occurred, the BOP began to make arrangements to transfer Allen back to the VDOC, which occurred on April 9, 2007. Johnson Decl. ¶ 13.

Petitioner argues that the Court should follow the holding in Weekes v. Fleming, 301 F.3d 1175 (10th Cir. 2002), in which the Tenth Circuit held that a defendant's federal sentence "commenced" when the United States Attorney General designated a federal prison where the defendant should serve his sentence and transported the defendant to that location[1]. Weekes is distinguishable from this case in several regards. In Weekes, the Tenth Circuit relied on the fact that the United States had presented neither a written request for temporary custody nor a writ of habeas corpus ad prosequendum; with only a warrant for arrest and the indictment, the court presumed that both the United States and Idaho had agreed to a permanent change of custody. Id. at 1181. Here, by contrast, although petitioner is correct that there was no writ of habeas corpus ad prosequendum, it certainly cannot be presumed that the United States and Virginia had agreed to a permanent change in custody. For example, the Marshals' status report on petitioner specifically states "*State Custody* – No Writ." Resp. Attachment 6 (emphasis added). Additionally, the arrest warrant that effectuated petitioner's transfer to federal authorities was docketed as an "Order of Temporary Detention." Resp. Attachment 4.

Significantly, the Tenth Circuit relied heavily on the later acts of the United States and Idaho related to Weekes's custody when finding that Idaho had relinquished primary custody of Weekes. For example, after Weekes was being held by federal authorities, Idaho used a writ of

---

[1] According to petitioner, "In *Weeks* [sic] the court concluded that by acquiescing to the transfer of the prisoner to federal custody in the absence of a writ, the state had relinquished primary physical custody of the prisoner to the United States." Petr's Resp. at 6. This is a mischaracterization of the holding in Weekes. As will be discussed, the Tenth Circuit considered many factors, only one of which was the absence of a writ, in finding that the state had relinquished primary custody to the United States.

7

habeas corpus ad prosequendum to effectuate his return to state control for a probation violation hearing. Had Idaho believed that Weekes was already in their primary custody in spite of his temporary presence in the hands of federal authorities, they would not have needed to employ a writ of habeas corpus ad prosequendum in order to have him returned to them. Later on, Idaho authorities lodged a detainer expressly noting that his state sentence was to run concurrently with his federal sentence and requesting that the United States return Weekes to primary state custody at the conclusion of his federal term to finish his state term, which further indicates Idaho's relinquishment of Weekes to federal custody. Weekes, 301 F.3d at 1182. The later acts of the state and federal authorities in this case stand in stark contrast to those in Weekes on this point as well. Here, by contrast, instead of employing a writ of habeas corpus ad prosequendum and a detainer in order to have Allen returned to state authorities, VDOC's Detainer Coordinator sent a letter to the Inmate Systems Manager at the federal correctional center explaining the VDOC's mistake and asking for Allen's return. Resp. Ex. 3. Thus, in Weekes the facts clearly point to the state's relinquishment of custody over the petitioner, whereas here, Virginia never relinquished primary custody. Accordingly, even if Weekes were controlling law in this jurisdiction, the case cannot support Allen's argument that his time in federal custody commenced on September 23, 2006.

Petitioner's most emphasized argument in his petition and his reply memorandum is that he should be granted relief because the mistake was not his fault and because the BOP acted negligently in transporting him to a federal correctional facility instead of back to the state. This argument fails as well. In a recent Western District of Virginia case with very similar facts to this one, Heath v. O'Brien, 647 F. Supp. 2d 618 (W.D. Va. 2009), a § 2241 petitioner argued that his federal sentence commenced when the United States Marshals delivered him by mistake to a

federal correctional facility to begin serving his federal term; it was undisputed that he should have been delivered to state authorities to finish serving a state term of imprisonment. In support of his argument, Heath asserted that "the BOP has no authority to stop a prisoner's sentence unless it is of some cause of fault of the prisoner."[2] Id. at 620. The Western District of Virginia rejected Heath's argument, finding that the sentences were to run consecutively, and that even the Marshals' mistake in transporting Heath to a federal prison could not trump the consecutive nature of the sentences. Id. The court expressly adopted the Fifth Circuit's holding in Free v. Miles, 333 F.3d 550, 555 (5th Cir. 2003), and found that "Heath 'is serving the correct total time of his consecutive state and federal sentences. That he will have done so in two shifts between sovereigns is of no moment.'" Accordingly, the court held that Heath's federal sentence did not commence on the date the Marshals accidentally delivered him to a federal correctional center, but rather on the date he was properly returned to federal custody to serve his federal sentence at the conclusion of his state term. Heath, 647 F. Supp. 2d at 621.

Likewise, in this case petitioner was also transferred incorrectly to a federal correctional facility to begin serving his federal sentence. It is clear that this transfer was in error; because his state and federal sentences were to run consecutively,[3] petitioner should have been sent back to Virginia following the conclusion of his federal proceedings. This error, though, cannot serve to alter the date he entered primary custody to serve his federal sentence. Because there was no relinquishment by state authorities "on satisfaction of the state obligation," federal custody had not begun until petitioner did, in fact, satisfy his state obligation and state authorities

---

[2] Allen makes virtually the same argument in his response to the Motion to Dismiss. Petr's Resp. at 8.

[3] See 18 U.S.C. § 3584(a) (multiple terms of imprisonment imposed at different times run consecutively, unless the court orders that the terms are to run concurrently).

consequently transferred him on a detainer to federal custody, where he is currently serving his federal sentence.

### B. No additional sentence credit

Contrary to his arguments, Allen is not entitled to additional credit against his federal sentence for the time he served at the BOP before Virginia realized its error. In light of Virginia's primary custody over Allen, as established above, federal authorities had no right to exact Allen's federal punishment until he completed serving his state sentence. See Sanders, 2009 WL 1917093 at *5 (citing Evans, 159 F.3d at 912, and Wilson, 503 U.S. at 334, when holding that the federal court's statements remanding petitioner to BOP custody had no effect on state's primary jurisdiction over petitioner because the BOP, not the court, has the authority to determine when a federal term of confinement commences.)

Moreover, it must be noted that should the Court grant petitioner the relief he seeks, and find that his federal sentence commenced the day after his federal conviction was entered, petitioner would be serving significantly less time in prison than his state and federal sentencing orders required. Specifically, he would receive "double credit" for the time he spent in official detention, in violation of 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 331 (1992) (holding that Congress made it clear under § 3585(b) that a defendant could only receive credit for time that had not been credited against another sentence). Here, petitioner has received credit toward his state sentence for the time he mistakenly spent in a federal correctional center when he should have been in a state correctional center. If he were to receive that same credit toward his federal sentence as well, as he desires, he would be released earlier than his consecutive state and federal sentences dictate. This result, as respondent notes, would be inherently unjust and would undermine both the state and federal sentencing orders, and it would

violate § 3585(b)'s prohibition against an inmate receiving time credit against a sentence if that time has already been credited against another sentence. Accordingly, petitioner will not be awarded double credit, and his petition will be dismissed.

## IV. Conclusion

For the reasons stated above, respondent's Motion to Dismiss will be granted and the petition will be dismissed. An appropriate order shall issue.

Entered this 14th of September, 2010.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge